# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANK CAMPBELL BELLEVILLE, ) ) Plaintiff, ) ) v. ) ) NANCY A. BERRYHILL, ) Acting Commissioner of Social Security, ) ) Defendant. ) | Case No. 4:17-CV-2546 PLC |

## MEMORANDUM AND ORDER

This case is before the Court[1] on the motion filed by Acting Commissioner Nancy A. Berryhill ("Defendant") to reverse the decision of the Administrative Law Judge ("ALJ") and remand the case to Defendant for further administrative proceedings pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) [ECF No. 18]. Plaintiff responded "assent[ing] to the agency's Motion to Remand [while expressing] concerns" he wants the Court to address [ECF No. 19]. Defendant did not file a reply responding to Plaintiff's "concerns."

On October 9, 2017, Plaintiff filed a complaint seeking review of Defendant's final decision, the ALJ's decision, denying Plaintiff's application for disability insurance and supplemental security income benefits under the Social Security Act [ECF No. 1]. Defendant filed her answer and a transcript of the administrative proceedings, and Plaintiff filed a brief in support of the complaint, along with Plaintiff's statement of uncontroverted material facts [ECF Nos. 13, 14, 15, and 15-1, respectively]. In his brief, Plaintiff challenges the ALJ's alleged failure to adjudicate the entire "period [of his disability] from the alleged onset date of April 15, 2014" and to properly consider and include in the residual functional capacity assessment and the

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) [ECF No. 4].

hypothetical to the vocational expert the requirement "that when lifting Plaintiff must keep his arms close to his body."

On March 6, 2018, Defendant filed her motion asking the Court to enter a final judgment reversing the decision of the ALJ and remanding the case to Defendant under sentence four of 42 U.S.C. § 405(g). Defendant represents that, upon review of the record, counsel for Defendant determined that "remand [i]s necessary for further evaluation of Plaintiff's claim." In particular, Defendant states that on remand the Acting Commissioner "will evaluate and determine a residual function[al] capacity for the entire period relevant to Plaintiff's claim, beginning on April 15, 2014, his alleged onset date of disability."[2]

Sentence four of 42 U.S.C. § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand under sentence four of Section 405(g) is proper when remand occurs after the defendant files an answer and the remand's "apparent purpose . . . [is] to prompt additional factfinding and further evaluation of existing facts." Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (reversing a remand under sentence six of Section 405(g) based on the defendant's motion to remand under sentence four of Section 405(g) so the defendant could "further evaluate [the plaintiff]'s ability to perform past relevant work"). More specifically, the Eighth Circuit concluded a remand order that "directs [Defendant] to cure some specific defect in the administrative proceeding, such as the ALJ's failure to develop the record or to properly evaluate the evidence" is a sentence four, rather than a sentence six, remand. Id. at 1011.

One of Plaintiff's concerns focuses on the status or identification of the person presently

---

[2] Defendant also states the Court's entry of "the final judgment remanding this case [under sentence four of Section 405(g)] will begin the appeal period which determines the 30-day period during which a timely application for attorney's fees may be made under the Equal Access to Justice Act. See 28 U.S.C. § 2412."

holding the position of Commissioner or Acting Commissioner of the Social Security Administration. Federal Rule of Civil Procedure 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending" and "the absence of . . . an order [of substitution] does not affect substitution" of the officer's successor, who "is automatically substituted as a party." Therefore, to resolve this case the undersigned need not further address who, if anyone other than Acting Commissioner Berryhill, should be named as Defendant in this proceeding.

Plaintiff also asks the Court to enter an order remanding the case to the agency and enter judgment under sentence four. That request is the same as the relief Defendant requested in her motion. Finding agreement between the parties as to the requested relief, the undersigned need not further address this "concern" of Plaintiff.

Upon review of Plaintiff's brief in support of his complaint, the ALJ's decision, and Defendant's unopposed motion, the Court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. After careful consideration,

**IT IS HEREBY ORDERED** that Defendant's unopposed motion to reverse and remand [ECF No. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

A separate judgment in accordance with this Memorandum and Order is entered this date.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2018